CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 9 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS,<br>Petitioner, | )<br>)<br>) Civil Action No. 7:05-cv-00790 |
| v. | ) **MEMORANDUM OPINION**<br>) |
| UNITED STATES OF AMERICA,<br>B. A. BLEDSOE, WARDEN,<br>Respondent. | )<br>) By: Hon. James C. Turk<br>) Senior United States District Judge |

Petitioner Michael Williams, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging the validity of his confinement. After review of the record, the court concludes that Williams is not entitled to relief under § 2241 and that his petition must be dismissed as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.

I.

Williams was not convicted in this district and does not provide many details about his criminal proceedings. He states that he was convicted and sentenced in the United States District Court for the Northern District of Indiana at Fort Wayne on two counts charging him with being a convicted felon in possession of a firearm. After his conviction, Williams pursued a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, in that court, raising claims of ineffective assistance and nondisclosure of exculpatory evidence. The action, Case No. 04-cv-331, was dismissed November 9, 2004. In his current motion, Williams asserts that (1) sentencing him twice for the same conduct violated the constitutional protection against double jeopardy and (2) he is actually innocent of violating 18 U.S.C. § 922(g) because the gun(s) he possessed did not travel through interstate or foreign commerce. On these grounds, Williams asserts that he is wrongfully confined and seeks immediate release.

1

## II.

A district court may not entertain such claims in a §2241 petition, unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Williams's petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under §2241. He does not point to any recent change of substantive law, and the court is unaware of any such precedent, legalizing the conduct for which Williams stands convicted. Williams claims to have new documentation concerning the origin of the firearms on which his charges were based. Such new evidence related to one's conviction, however, is not sufficient under Jones to prove that § 2255 is inadequate test the legality of his conviction. In fact, one ground on which an inmate might be entitled to bring a second or successive § 2255 motion is newly discovered evidence. See § 2255, ¶8. Because Williams does not demonstrate under Jones that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under §2241.

2

III.

Based on the nature of the claims, the court will construe Williams's motion as a §2255 motion. Section 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. To file a second or successive § 2255 motion in the sentencing court, an inmate must first receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his §2255 claims.

As stated, Williams was convicted in another court. Ordinarily, this court could transfer a misfiled § 2255 motion to the sentencing court. Williams admits, however, that he has already pursued a § 2255 motion in the court where he was convicted, which renders his current motion successive. He also offers no indication that he has obtained certification to file a successive § 2255 motion. Because the sentencing court cannot address Williams's successive § 2255 motion without such certification, this court does not find transfer of the case to be in the interest of justice or judicial economy. Therefore, the court will dismiss Williams's current motion without prejudice as successive. An appropriate order shall be issued this day. If Williams later obtains certification from the appropriate court of appeals to file a successive § 2255 motion, he may then submit his successive motion directly to the sentencing court.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

§2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 9th day of January, 2006.

*/s/ James C. Turk*
Senior United States District Judge

4